**CONSOLIDATED RAIL CORP., Plaintiff,**

v.

**TED SOBIECH FARMS, Defendant.**

No. 84 Civ. 5208 (DNE).

United States District Court, S.D. New York.

Aug. 17, 1989.

---

Michael J. Siris, New York City, for plaintiff.

Michael R. Gottlieb, Middletown, N.Y., for defendant.

## ORDER

EDELSTEIN, District Judge:

Plaintiff has made an application to this court to discontinue the action on the condition that this court's Memorandum and Order dated April 25, 1989 be withdrawn and vacated. Plaintiff cites to Seventh Circuit precedent that is contrary to the ruling of this court and of several earlier district court decisions in the Seventh Circuit, which this court cited in its Memorandum and Order. As a preliminary matter, this court is not bound by the prevailing precedent in the Seventh Circuit. The district court decisions in the Seventh Circuit that this court cited were referred to for their reasoning, not for their validity as precedent in that jurisdiction. This court found, and still believes, that the Seventh Circuit's interpretation of the Carmack Amendment is not persuasive.

Moreover, the plaintiff has submitted a slip opinion from the Northern District of Illinois acknowledging the prevailing rule in the Seventh Circuit. Interestingly, Judge James B. Moran, the author of that opinion, concurs that the Seventh Circuit apparently stands alone in its view of the Carmack Amendment's effect. He writes: "This case presents a perfect example of the 'trap' set by a form contract which requires shippers to affirmatively elect full coverage in a deregulated shipment contract. Although the ICC, and other courts, have serious trepidations about such limitations, the Seventh Circuit disagrees." *Quasar Company v. Atchison, Topeka & Santa Fe Railway Co.,* No. 83 C. 4617, Slip Op. at 6 (April 27, 1989). This court joins the "other courts" that have serious trepidations of the Seventh Circuit's view.

Finally, the court views plaintiff's application as inappropriate. If plaintiff wishes to settle the case, it may do so. If it wishes to appeal this court's ruling at the appropriate time, it is free to pursue that avenue. Plaintiff could also have sought reconsideration by means of a properly framed motion. But this informal application for this court to vacate its ruling for no other reason except that it is in conflict with the Seventh Circuit, and more important to the plaintiff, it is unfavorable to Conrail, has no basis and therefore, is denied.

SO ORDERED.